UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| H.L. B/N/F R.L. and J.L  §<br>Plaintiff,  §<br>  §<br>v.  §<br>  §<br>ALLEN INDEPENDENT  §<br>SCHOOL DISTRICT  §<br>Defendants,  § | CIVIL ACTION No. 4:21-cv-749 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes now, H.L. ("Student") b/n/f R.L. and J.L. (collectively "Plaintiffs") and files this Original Complaint against Allen Independent School District ("Allen," "AISD" "The District" or "The Defendant") , and would show the court as follows:

1.
Jurisdiction and Venue

1.1    This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(A); and also raises claims under 42 U.S.C. § 1983, 42 USC §12132, and 29 U.S.C. 794. The Court has jurisdiction of this action under the IDEA, 20 U.S.C. § 1415(i)(3)(A).

1.2    Venue properly lies in this Court pursuant to the general venue statute, 28 U.S.C. § 1391(b).

2.
The Parties

1

2.1     H.L. is an individual who is a resident of Collin County, Texas. H.L. has at all relevant times resided in the Allen Independent School District. H.L. is presently nine years old. Robert Liva and Jane Liva (R.L. and J.L.) are H.L.'s parents and have capacity to bring this suit as next friend.

2.2     Allen Independent School District is a public school district in the State of Texas, located in Allen, Texas in Collin County, and is a recipient of federal funds.

2.3     Title VI of the Civil Rights Act provides that "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of ... title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d–7(a)(1).

3.
Nature of the IDEA Claim

3.1     Plaintiff's claims under IDEA are an appeal from the decision of a Special Education Hearing Officer  for the State of Texas in Docket No.084-SE-0121 styled *H.L. b/n.f R.L. and J.L v. Allen Independent School District*. All conditions precedent, including the exhaustion of administrative remedies have been performed or have occurred.

3.2     The IDEA statute provides that any party aggrieved by the finding of an administrative hearing may bring a civil action. On June 30, 2021 Special Education Hearing Officer Brenda Rudd issued an order in favor of Respondent Allen ISD, denying all of Petitioner's requested relief but ordering Allen ISD to train District teachers, administrators, and para-professionals regarding IDEA regulations and District policies and procedures for responses to parental requests for independent education evaluations including oral requests no later than

August 31, 2021. Plaintiffs contend that the Hearing Officer's denial of Plaintiff's causes of action and requested relief is erroneous as a matter of law. Plaintiffs seek an order reversing and vacating the hearing officer's decision, and granting Plaintiff his requested relief.

3.3     When a federal district court reviews a state hearing officer's decision, the court must receive the record of the administrative proceedings and is then required to take additional evidence at the request of any party. *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 252 (5th Cir. 1997). Although the district court must accord "due weight" to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence. *Id*. Accordingly, the district court's "review" of a hearing officer's decision is "virtually de novo." *Id.* Indeed, given its adducing of new evidence, even evidence of matters that have occurred since the administrative hearing under review, the district court proceeding under the IDEA is a hybrid, akin to a "trial de novo." *Id.*

4.

Factual Background

4.1     H.L. is presently a nine year old student. Plaintiffs asserted in their underlying request for a Special Education Due Process Hearing that Student was denied a Free Appropriate Public Education (FAPE) pursuant to The IDEA.  Plaintiffs asserted that the District failed to follow the Child Find provisions of IDEA which require a school district to maintain policies and procedures to ensure that all children with disabilities who are in need of special education and related services, are identified, located, and evaluated. *Spring Branch Indep. Sch. Dist. v. O.W. by Hanna*

*h W.*, 961 F.3d 781, 790 (5th Cir. 2020), *cert. denied sub nom. Spring Branch Indep. Sch., Dist. v. O. W. By Next Friend Hannah W.*, 141 S. Ct. 1389, 209 L. Ed. 2d 129 (2021). A school district must identify, locate, and evaluate students with known or suspected disabilities within a reasonable time after the school district is on notice of facts or behavior likely to indicate a disability. *Id.* Specifically Plaintiff alleged that the District failed to timely identify Student with the qualifying disabilities of Autism, and a speech/language disorder. Plaintiff also asserted in the underlying action that the District failed to provide the Student with related services that the Student was due under IDEA including occupational therapy.

      4.2    A school district must identify, locate, and evaluate students with known or suspected disabilities within a reasonable time after the school district is on notice of facts or behavior likely to indicate a disability. *O.W.* at 791. The District became aware that H.L. was struggling during kindergarten, the 2017-2018 school year. H.L.'s kindergarten teacher, Ms. McIntyre, alerted his parents to difficulties in keeping H.L. on task. These issues continued and became more severe into his first grade year, the 2018-2019 school year. Ms. Martin, H.L.'s first grade teacher, informed his parents that H.L. had difficulty staying on task, difficulty focusing, and difficulty making friends. On October 17, 2018, Ms. Martin noted on a concerned person's report that H.L. was "not processing information. I redirect him at least 25 times a day. It's hurting his academics." On November 13, 2018 J.L. wrote Ms. Martin and informed her that the parents were in the process of getting H.L. tested for learning differences or other issues. Ms. Martin responded back the next day and reaffirmed her concerns. Ms. Martin subsequently wrote on a SIT information summary form stating, "He struggles with getting things done. I have to redirect him at least 10 times an assignment for him to finish. He has a hard time putting

sentences together." Martin also wrote, "he can't focus to do his work" and "he isn't processing what is being said during lessons or what I tell him to do. He is behind on his work because he just sits there." A school district generally has sufficient notice if it is aware of facts suggesting the child has a disability and that the child is struggling academically. *D.C. By Next Friend J.C and KC v. Klein Indep. Sch. Dist.* Docket No. 20-20339 (5th Cir. June 17, 2021). The District was clearly aware of facts suggesting the child has a disability and that the child is struggling academically by October 17, 2018.

    4.3    The District held a SIT meeting on February 6, 2019. The stated purpose of the meeting was "Processing/sensory concerns for the student." The meeting notes state that H.L. "is not progressing because he is not getting work completed." Concerns about H.L.'s social skills were discussed. The characteristics of autism were discussed. The notes say that Ms. Halpin, the administrator present, would like to have H.L. evaluated. However the District did not propose to refer H.L. to Special Education at this meeting. The District proposed to "meet once the parents get more detailed medical info from the doctors" but did not propose an FIE, did not propose collecting any information themselves, and did not even propose any sort of intermediate action. The District's response in 2019, including the SIT meeting, was itself insufficient to satisfy the Child Find obligation or deliver a FAPE. Once a District is on notice that Student has a disability, intermediate steps such as RTI are insufficient and a Student's ability to "advance from grade to grade" is an insufficient excuse not to refer the Student for evaluation. *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 CV 9679 (NSR), 2018 WL 4964230, at *10 (S.D.N.Y. Oct. 15, 2018).

    4.4    Petitioner presented evidence more than sufficient that showed the District knew or should have known that the Student had a known or suspected disability, and the independent

Hearing Officer erred in failing to find a Child Find violation. The Hearing Officer relied on the one year statute of limitations 19 Tex. Admin. Code § 89.1151(c), ignoring that there was a clear exemption to the statute of limitations present in this case. The District withheld information from the parent that was required by 34 CFR, §300.1, et seq. to be provided to the parent. The District was required to provide prior written notice pursuant to 34 CFR § 300.503 (a)(1) in February 2019 when they indicated that they wanted to evaluate but failed to do so. While this was factually established at the hearing, the Hearing Officer blatantly disregarded it. The Hearing Officer made a factual finding that the District did provide prior written notice despite the fact that the supposed document was never produced and not in evidence. The Texas Legislature has passed the Edgar Pacheco Jr. Act, extending the statute of limitations in Texas to meet the federal guidelines provision of a two year statute of limitations. It is particularly egregious that the Hearing Officer ignored a valid basis for the extension of the statute of limitations, based on information withheld from the parents, when that claim would fall under the new statute of limitations without needing an exception.

      4.5    Student was evaluated by Dr. Shannon Taylor, a neuropsychologist in pediatric neuropsychology who determined that student met criteria as a student with Autism and ADHD. Per evaluation, Student scored in the very superior range with a 137 overall IQ but his cognitive processing speeds were significantly below expected grade levels. The District ultimately evaluated and qualified Student for special education with Autism and Speech Impairment *after* the parents provided an independent evaluation but Student had been denied a FAPE with increasing regression. H.L. has recognized areas of disabilities in areas including but not limited to communication, social skills, attention, independence, staying on task, sensory issues and

needs related to occupational therapy such as weakness and coordination. The District's failure to address these needs, first by failing to timely follow Child Find, and then by subsequently failing to appropriately evaluate the Student and failing to develop and implement an appropriate IEP, denied Student a FAPE. Student continues to struggle academically. The Student's most recent State standardized scores had Student not meeting the standard in Reading and simply approaching in Math despite his well above average IQ. Further, evaluation conducted by Katrina Gittins, BCBA, demonstrates that Student continues to have significant deficits in his communication, daily living and socialization skills.

4.6     Once an eligible child is identified, IDEA requires preparation of an Individual Education Plan ("IEP") tailored to the unique needs of the child. *D.C. By Next Friend J.C and KC v. Klein Indep. Sch. Dist.* Docket No. 20-20339 (5th Cir. June 17, 2021). The IEP must be drafted in compliance with a detailed set of procedures, which emphasize collaboration among parents and educators. *Id. citing Endrew F.*, 137 S. Ct. at 994 (citing 20 U.S.C. § 1414). An IEP is sufficiently individualized if it is designed for the child's unique needs; hence, an IEP must provide services that address all of the child's disabilities; significant services addressing one disability are not enough if another disability is left unaddressed. *Id. citing Hous. Indep. Sch. Dist. v. V.P. ex rel. Juan P.*, 582 F.3d 576, 585 (5th Cir. 2009). The District completely failed to address H.L.'s occupational therapy needs.

4.7     The Hearing Officer agreed that the District did not timely complete an occupational therapy evaluation of H.L. But the Hearing Officer ignored that the District's IEP did not address H.L.'s OT needs despite the finding of both the private neuropsychological evaluation and the private OT evaluation obtained by parents demonstrating that Student needed

OT support. Further the Hearing Officer's Order completely ignored significant evidence that showed that when the District did complete an Occupational Therapy evaluation, it was seriously flawed. The Hearing Officer also ignored that the District failed to appropriately consider the conclusions of the private OT evaluation obtained by parents which identified deficits in attention, sensory processing/regulation, activities of daily living, bilateral coordination and strength/endurance, and stated that H.L. would benefit from Occupational Therapy. This was the only evaluation extant when the IEP was developed, so the District ignored the only evaluation it had when it developed the IEP. Plaintiffs assert that they conclusively established at the Hearing that the failure to address H.L.'s OT needs was affecting him in his educational environment. The Hearing Officer errantly ruled that Student did not require OT as a related service, when there is significant evidence demonstrating that the failure to provide OT as a related service is denying Student a FAPE.

   4.8  The Hearing Officer ignored the fact that the District blatantly falsified that the Parent had agreed to an IEP change, referring to it only as "confusing" and adopting the District's blatant falsehood that the document was only a temporary virtual service plan, when it quite clearly purported to be an IEP amendment. (See Exhibit A) Further, parents have joint custody and equal decision making rights and the father was never notified of any proposed change, any such agreement or consideration of such an agreement but the document falsely noted that he appeared at an August 28, 2020 IEP meeting and agreed to the document. Procedural errors that seriously infringe the parents' opportunity to participate in the IEP formulation process result in a denial of FAPE. *Doug C. v. Hawaii Dep't of Educ.*, 720 F.3d 1038, 1047 (9th Cir. 2013).

4.9 The Hearing Officer ignored that both this fraud, and the District's failure to provide speech as a related service in May of 2020 deprived Student of several weeks worth of speech therapy. Further, the Independent Educational Evaluation (IEE) obtained at parent expense, which was and still is the only speech evaluation conducted, recommended speech therapy twice as frequently as the District's IEP provided but the District decided to decrease that amount despite the fact that the IEP was being based on the independent evaluation. It is absolutely critical that a Student who has both Autism, a disorder that significantly affects communication, and a speech impairment has an appropriate speech evaluation. The District still to date has never completed one, and has disregarded the recommendations of the private report the parent obtained. The District simply failed to complete their own evaluation for speech for an identified speech impairment, denying student a FAPE but the Hearing Officer not only erred in her decision she completely ignored that issue in her decision.

4.10. The Hearing Officer agreed that the District failed to appropriately respond to Parent's request for an IEE for approximately six months, which is why the Hearing Officer ordered the relief that District personnel must be trained. However the Hearing Officer ignored how this failure by the District impacted the Student. The independent FBA, once finally conducted, demonstrated that the Student's teacher was reinforcing behaviors that were having a negative impact on Student's social skills and classroom behavior, but the District's failure to provide the IEE kept these issues from being identified timely and prevented the parent from having a timely opportunity to collaborate with the District regarding the IEE at ARD. Again, this demonstrates the District's refusal to collaborate with the parents in the development of the IEP as required by IDEA. The District ignored the recommendations of private evaluations

obtained by Parent when they failed to conduct their own evaluations, the District fraudulently made IEP changes without the parent, and the Hearing Officer even found that the District failed to timely provide an IEE, but the Hearing Officer failed to make a finding that the District failed to appropriately collaborate with the Parents. When a District fails to meet the procedural requirements of IDEA for modifying an IEP, then the modification is not effective and violates the IEP. *O.W.* at 799.

    4.11    Plaintiff's conclusively established at the hearing that H.L. missed twenty-one, thirty minute sessions of social skills training provided for by his IEP due to the pandemic, and that H.L. was in need of those lessons to receive a FAPE. The Hearing Officer ignored this issue in the ruling.

    4.12    The US Dept Education has determined in a letter dated August 27, 2021 to the Texas Education Agency and Mike Morath that TEA has continued to fail to comply with the requirements under IDEA. OSEP found that TEA has failed ensure that all children with disabilities residing in the State who are in the need of special education and related services were identified, located and evaluated, regardless of the severity of the disability, as required by IDEA section 612 (a)(3) and its implementing regulations at 34 CFR 300.111. OSEP found that TEA failed to ensure that a free appropriate public education (FAPE) was made available to all children with disabilities as required by IDEA section 612 (a)(1) its implementing regulations at 34 CFR 300.101, and finally failed to fulfill general supervisory and monitoring responsibilities as required by IDEA section 612 (a)(11) and 616 (a)(1)(C) its implementing regulations at 34 CFR 300.149 and 300.600 along with 20 USC 1232 (b)(3)(A) to ensure that local LEA, throughout the State properly implement the IDEA child find, individual evaluation, and FAPE

requirements When the Texas Education Agency continues for years to ignore its responsibilities to monitor and ensure a FAPE with impunity, Allen ISD has no incentives to ensure its own responsibilities to ensure a FAPE nor will state administrative Hearing Officers enforce the provision of a FAPE.

4.13   The State of Texas has passed legislation subsequent to the decision of the Hearing Officer, Texas Senate Bill 89, designed to ensure that evaluations were appropriately conducted and IEP's were appropriately developed during COVID closures, and to determine whether Student's services were interrupted and to require the consideration of compensatory educational services for the child. While Plaintiff definitely established that Student's IEP was not appropriately developed, that an appropriate IEP was not implemented, and that Student's services were interrupted, the Hearing Officer did not provide the Student with compensatory services, against the guidance of both State and Federal law. Compensatory awards are designed to provide services prospectively to compensate for a past deficient program." *Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W.*, 961 F.3d 781, 800 (5th Cir. 2020) Such awards should place children in the position they would have been in but for the violation of the IDEA." *Id.* At a minimum, compensatory awards of speech therapy, occupational therapy, social skills training, and reading and math instruction would have been appropriate, based on Allen ISD's multiple IDEA violations.

4.14   Because the District failed to appropriately find Student eligible for Special Education, they denied him related services that he would otherwise be entitled to, specifically speech therapy and occupational therapy for the 2018-2019 and 2019-2020 school years.

4.15     Plaintiffs assert that the Hearing Officer's ruling contained both errant findings of fact and conclusions of law and seek *de novo* review of its claims brought pursuant to IDEA.

Prayer for Relief

Wherefore, Plaintiffs pray for relief as set forth below:

a.      This Court assume jurisdiction over this action;

b.      Enter an order reversing the decision of the Special Education Officer, finding that the Student was denied a Free Appropriate Public Education and granting all relief requested of the Special Education Officer, including but not limited to:

- Find that Student requires Occupational Therapy to receive a FAPE and Order the District to provide compensatory Occupational Therapy.

- Order the District to provide compensatory Speech Therapy.

- Order the District to reimburse parent for out of pocket expenses.

- Order the District to provide compensatory social skills training.

- Order the District to provide compensatory math and reading tutoring.

- Order the District to provide Independent Educational Evaluations.

c.      Find that Plaintiff is the prevailing party and that parents are entitled to attorneys fees pursuant to 20 USC § 1415 (i) (3);

d.      All such and further relief to which Plaintiffs may be entitled as a matter of law and equity.


Dated: September 28, 2021

/s/ Jordan McKnight
Jordan McKnight

SBN: 24075586
P.O. Box 664

                                            Little Elm, Texas 75068
                                            Tel:  (903) 271-4696
                                            Fax:  (972) 408-3432
                                            jordanmcknightlaw@gmail.com
                                            *ATTORNEY FOR PLAINTIFFS*