UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| H.L. b/n/f R.L. and J.L. | § <br> § |
| v. | §    CIVIL NO. 4:21-CV-749-SDJ <br> § |
| ALLEN INDEPENDENT SCHOOL DISTRICT | § <br> § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Additional Evidence, (Dkt. #11), filed by Plaintiffs R.L. and J.L. as next friends of their son, H.L. Defendant Allen Independent School District ("AISD") filed a response, (Dkt. #12), Plaintiffs filed a reply, (Dkt. #13), and AISD filed a surreply, (Dkt. #14). The Court, having considered the motion, subsequent briefing, record, and applicable legal authorities, concludes that the motion should be **GRANTED in part and DENIED in part**.

### I. BACKGROUND

Plaintiffs brought this Individuals with Disabilities Education Act ("IDEA") action to challenge the decision of a Special Education Hearing Officer ("SEHO") in a due process hearing. Plaintiffs claim that AISD denied H.L. a free appropriate public education ("FAPE"), failed to follow the IDEA's Child Find provisions, and failed to provide H.L. with related services to which he was entitled. On June 30, 2021, the SEHO issued an order denying all of the requested relief but ordering AISD to provide training on IDEA regulations and on procedures for responding to parental requests for an Independent Educational Evaluation ("IEE"). Plaintiffs now seek review of the SEHO's decision.

1

Plaintiffs move to introduce three new exhibits to supplement the record from the underlying proceedings: (1) H.L.'s 2021 State of Texas Assessments of Academic Readiness ("STAAR") results; (2) H.L.'s Spring 2020–2021 Measures of Academic Progress ("MAP") Growth Student Summary; and (3) a proposed Admission, Review, and Dismissal ("ARD") document dated August 27, 2021. AISD opposes the admission of this evidence, arguing that it is not truly additional, is being submitted for improper purposes, and is not admissible under the Federal Rules of Evidence.

## II. LEGAL STANDARD

Under the IDEA, a party "aggrieved by the [SEHO's] findings and decision" may file a civil action in federal court. 20 U.S.C. § 1415(i)(2)(A). In such cases, courts "shall hear additional evidence at the request of a party." *Id.* § 1415(i)(2)(C)(ii). "But, as provided by IDEA, the evidence must be additional," and the determination of which evidence is truly additional is left to the district court's discretion. *E.R. ex rel. E.R. v. Spring Branch Indep. Sch. Dist.*, 909 F.3d 754, 763 (5th Cir. 2018) (per curiam) (quotation omitted).

Evidence should not be admitted merely to "patch up holes" in arguments presented at an administrative hearing. *Id.* at 764 (quoting *Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009)). "After all, rendering a decision on the record compiled before the administrative agency is the norm." *Id.* (cleaned up). Evidence that is cumulative, is irrelevant, is untimely, or merely bolsters existing evidence is not additional. *Angela B. ex rel. T.S. v. Dall. Indep. Sch. Dist.*, No. 3:20-CV-0188, 2020 WL 2838994, at *2 (N.D. Tex. June 1, 2020). And "evidence that was available to the requesting party before the administrative hearing" generally is not

additional. *Id.* (citation omitted). Examples of evidence that is truly additional include evidence that the hearing officer improperly excluded and evidence concerning relevant events that occurred after the administrative hearing. *Id.*; *see also Town of Burlington v. Dep't of Educ. for Mass.*, 736 F.2d 773, 790 (1st Cir. 1984). This additional evidence standard accords administrative proceedings their due weight. *E.R.*, 909 F.3d at 764.

### III. DISCUSSION

As noted above, Plaintiffs seek to introduce three additional exhibits. For the reasons that follow, the Court finds that the STAAR results and MAP Growth Student Summary are admissible additional evidence. However, the Court concludes that the proposed ARD document is irrelevant and cumulative and thus does not meet the standard for admissible additional evidence.

**A. Whether the Evidence Is Additional**

**i. 2021 STAAR results and MAP Growth Student Summary**

Because the Court's analysis with respect to the 2021 STAAR results and Spring 2020–2021 MAP Growth Student Summary is largely the same, the Court will consider the two proposed exhibits together.

The Court finds that the STAAR results and MAP Growth Student Summary are relevant. As Plaintiffs argue, both exhibits are relevant to the claim that H.L. was not making meaningful progress in the educational setting and challenge the SEHO's finding that H.L. was receiving positive academic benefits. AISD asserts that academic benefits were not included in Plaintiffs' claims in the underlying hearing and that Plaintiffs' claims instead focused on the provision of related services. But

3

the SEHO acknowledged that demonstration of positive academic benefits is one factor to be considered in conducting the FAPE analysis and discussed H.L.'s achievement levels in all academic subjects in the written decision. *See* (Dkt. #9-2 at 14, 17–18). Further, in their closing brief before the SEHO, Plaintiffs argued that the alleged deprivation of related services impacted H.L.'s receipt of educational benefits. *See, e.g.*, (Dkt. #9-2 at 247, 257).

The timing of the test results supports their relevance. H.L.'s STAAR results and MAP Growth Student Summary were not available until after the due process hearing. As previously noted, additional evidence includes "evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington*, 736 F.2d at 790. Here, the end-of-year testing results constitute relevant evidence of H.L.'s academic progress during his third-grade year and provide "insight into [H.L.'s] condition, and the reasonableness of [AISD's] action," during the time period at issue. *Archer v. Northside Indep. Sch. Dist.*, No. 5:17-1202, 2018 WL 7572498, at *1 (W.D. Tex. Dec. 10, 2018); *see also Lisa M. ex rel. J.M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 214 (5th Cir. 2019) ("In [individualized education program ("IEP")] appropriateness cases, this circuit embraces hindsight evidence.").

As AISD itself argues, "[s]tudents regularly experience good days and bad days, and this is precisely why the IDEA looks at the appropriateness of an IEP based on the entire year worth of progress, and not a more limited timeframe." (Dkt. #12 at 4). Admitting the STAAR and MAP results will permit the Court to consider H.L.'s entire year's worth of progress. "STAAR tests are based on the Texas Essential

Knowledge and Skills," which "contains the content and skills students need to learn in order to make academic progress from year to year." *Candi M. ex rel. J.M. v. Riesel Indep. Sch. Dist.*, 379 F.Supp.3d 570, 577 (W.D. Tex. 2019). A test measuring whether H.L. has mastered the requisite content and skills for the year helps provide the "holistic perspective" necessary to determine the appropriateness of an IEP. *Lamar Consol. Indep. Sch. Dist. v. J.T. ex rel. April S.*, No. 4:20-CV-02353, 2021 WL 6197312, at *5 (S.D. Tex. Dec. 31, 2021). And, as to the MAP Growth Student Summary, "the MAP Growth summaries that were available for Fall and Winter 2021 were included in the exhibits for the due process hearing, and therefore were appropriately considered by the SEHO in rendering her decision." (Dkt. #12 at 3 n.2). Moreover, the MAP Growth summaries contained in the joint exhibits for the due process hearing included projected Spring 2021 MAP results. The actual results are more beneficial to this Court's review and provide a more complete perspective of H.L.'s progress.

The Court further finds that Plaintiffs are not merely trying to patch up holes in their administrative case. They are not, for example, seeking to introduce additional, unelicited testimony from a witness who testified at the hearing. *See D.A. ex rel. L.A. v. Hous. Indep. Sch. Dist.*, 716 F.Supp.2d 603, 616 (S.D. Tex. 2009). Rather, they seek to introduce limited, end-of-year testing results that did not exist at the time of the hearing. The Court also finds that the STAAR and MAP results are not cumulative of other evidence in the administrative record and do not merely bolster existing evidence. Evidence is cumulative when it adds little to the probative force of other evidence and when it is repetitious of evidence already introduced. *See*

*Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987) (per curiam); *Consol. Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir. 1983) (per curiam). Here, the exhibits Plaintiffs seek to introduce provide a more complete view of H.L.'s progress during his entire third-grade year, as there is little evidence in the record reflecting his progress near the end of the school year. *See, e.g.*, *J.T.*, 2021 WL 6197312, at *6 (stating that the "entire academic year" is "the timeframe that must be considered").

Finally, the Court disagrees with AISD's contention that the exhibits should be excluded because they "open the door to the hundreds of pages of other educational records created over the last six months." (Dkt. #12 at 6). Much of the additional evidence AISD contends would need to be proffered—such as IEP progress reports, work samples, and tests—very well may be cumulative, as AISD argues that "all such other after-created documents support academic progress." (Dkt. #12 at 6 n.4). Thus, the Court disagrees that "hundreds of pages" of additional evidence would need to be admitted. Regardless, the Court analyzes only the request before it, which is to admit end-of-year testing results.

The Court concludes that the STAAR results and MAP Growth Student Summary are admissible as additional evidence. The Court will admit Exhibits P-59 and P-60.

### ii. Proposed ARD

Plaintiffs next seek to admit a "Proposed ARD" document created on August 27, 2021. (Dkt. #11 at 3). The document purportedly "demonstrates that [AISD] ultimately did make a number of the changes recommended by the IEE" and

6

that "[H.L.] is to receive compensatory accelerated instruction based on his unsatisfactory performance on the Math and Reading STAAR." (Dkt. #11 at 3). According to Plaintiffs, this document is relevant because it supports their arguments that: (1) if the IEE occurred timely, H.L.'s IEP would have "better supported him in receiving a FAPE"; and (2) the SEHO should have granted their request for compensatory instruction. (Dkt. #11 at 3). But Plaintiffs do not provide any further explanation or context. They do not explain, for example, whether the proposed ARD is the same as any final version of the document or which changes were made.

The Court struggles to see the relevance of this exhibit. The SEHO found that H.L. was not harmed by the untimely IEE because H.L. continued to receive supports and accommodations, including some of the supports and accommodations recommended in the IEE, during the time period of the delay. (Dkt. #9-2 at 14). Plaintiffs do not explain how the proposed ARD document would undermine this finding. They do not argue that the proposed ARD shows that H.L. was not in fact receiving supports and accommodations or that it undermines the adequacy of those accommodations. As such, the proposed ARD has no bearing on the SEHO's finding.

Moreover, this exhibit is cumulative. The SEHO admitted the IEE and heard testimony from the IEE provider. The SEHO was capable at that time of determining whether the delay in making any of the changes proposed in the IEE deprived H.L. of a FAPE. A document created nearly three months after the hearing, showing that some of the changes listed in the IEE were in fact implemented, adds nothing new to the analysis of the SEHO or the Court.

7

Exhibit P-61 is irrelevant and cumulative and does not constitute additional evidence. The Court will exclude Exhibit P-61.

## B. Whether the Evidence Is Admissible

AISD objects to the admission of Plaintiffs' additional evidence because "[t]o the best of AISD's knowledge," the documents are not properly authenticated. (Dkt. #12 at 6). As the STAAR results are results of statewide standardized testing and previous MAP Growth Student Summaries have already been admitted into the record, the Court presumes that these exhibits are likely to be sufficiently authenticated. Nonetheless, if AISD has concrete concerns about the exhibits when they are filed, it may renew any challenge under the Federal Rules of Evidence at that time.

## C. Attorney's Fees

In its briefing, AISD includes a request for attorney's fees and court costs. If AISD continues to believe there is a basis for an award of fees and costs given the Court's ruling, AISD may file a motion for attorney's fees and costs with appropriate supporting documentation.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Additional Evidence, (Dkt. #11), is **GRANTED in part and DENIED in part**. The Court admits Exhibits P-59 and P-60 and excludes Exhibit P-61. It is further **ORDERED** that Plaintiffs must file Exhibits P-59 and P-60 by no later than **August 31, 2022**.

**So ORDERED and SIGNED this 16th day of August, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE